a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIE LEE PITTMAN #17080-045,<br>Petitioner | CIVIL DOCKET NO. 1:23-CV-00440<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| FEDERAL BUREAU OF PRISON,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Willie Lee Pittman ("Pittman"). Pittman is an inmate in the custody of the United States Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Pittman challenges a disciplinary conviction.

Because Pittman fails to state a viable claim for relief, the Petition (ECF No. 1) should be DENIED and DISMISSED WITH PREJUDICE.

## I. Background

Pittman was charged with a disciplinary violation, Assault with Serious Injury. He was convicted of the lesser charge of Assault without Serious Injury. Pittman states that the incident alleged did not occur on the date provided in the disciplinary charge. ECF No. 1.

1

Pittman was sanctioned with the loss of 27 days of good conduct time, in addition to other sanctions regarding segregation, visitation, and commissary privileges. ECF No. 7-1 at 6.

II. <u>Law and Analysis</u>

A. <u>Pittman has no liberty interest as to restrictions on visitation, commissary, and segregation.</u>

"Not every punishment for prison misconduct implicates a protected liberty interest." *Jacques v. Bureau of Prisons*, 632 F. App'x 225, 225 (5th Cir. 2016) (citing *Sandin v. Conner*, 515 U.S. 472, 483-84, 485-87 (1995)). For example, the temporary loss of commissary and visitation privileges do not support due process claims. *Id.* (citing *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999)). Likewise, the imposition of solitary confinement or disciplinary segregation, absent atypical punishment, does not trigger due process protection. *See Wilkinson v. Austin,* 545 U.S. 209 (2005).

B. <u>Pittman received all the process he was due.</u>

Federal prisoners generally have a liberty interest in their good-time credits. *Deen-Mitchell v. Young*, 490 F. App'x 650, 650-51 (5th Cir. 2012) (per curiam) (citing *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000) ("BOP does not challenge the district court's conclusion that Henson had a statutorily-created liberty interest in his good time credit." (citation omitted))). "When a prisoner has a liberty interest in good-time credits, revocation of such credits must comply with minimal procedural requirements." *Henson*, 213 F.3d at 898 (citing *Superintendent, Mass. Corr. Institution v. Hill*, 472 U.S. 445, 454 (1985)).

But "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due [to] a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). A prisoner facing the loss of good time credits is entitled to: (1) written notice of the charges against him; (2) a written statement of the fact-finder as to the evidence relied on and the reasons for the disciplinary action taken; (3) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case; and (4) some assistance in the collection and presentation of evidence if the inmate is illiterate or the case appears complex. *See Henson*, 213 F.3d at 898; *Walker v. Navarro County Jail*, 4 F.3d 410, 412 (5th Cir. 1993); *Wolff*, 418 U.S. at 563-66.

Pittman does not claim that he was deprived written notice of the charges, and the record indicates that notice was provided on July 23. 2022. ECF No. 7-1 at 3. Pittman was provided the written statement of the fact-finder as to the evidence relied on and the reasons for the disciplinary action taken. ECF No. 7-1. Although he now requests review of the surveillance video, Pittman had the opportunity to call witnesses and present evidence at the hearing but waived his rights. ECF No. 7 at 1; 7-1 at 5. Moreover, the hearing officer report indicates that surveillance video was reviewed. ECF No. 7-1 at 5.

Pittman received all the procedural due process required by *Wolff.*

    C.    <u>There is sufficient evidence of guilt.</u>

There must be "some evidence" that supports the disciplinary decision. *Hill*, 472 U.S. at 454; *Anaya v. Nicklin*, 788 F. App'x 964, 964 (5th Cir. 2020) (per curiam) (prison disciplinary proceedings will be overturned only "where there is no evidence whatsoever" to support the decision of the prison officials. (quoting *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994)). A court's determination of whether this standard is satisfied does not entail examination of the entire record, an independent assessment of the credibility of witnesses, or re-weighing of the evidence. *Hill*, 472 U.S. 445, 455 (1985). In fact, the information provided in a written incident report can satisfy the "some evidence" standard. *See Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001).

Additionally, a hearing officer's credibility assessment or his overall consideration of the evidence are outside the limited scope of habeas review of a prison disciplinary conviction implicating a protected liberty interest. *See, e.g., Ester v. Jones*, 742 F. App'x 42, 43 (5th Cir. 2018) (per curiam) (Federal habeas courts "do not independently assess witness credibility or reweigh the evidence in determining whether there is some evidence to support a disciplinary conviction.").

The hearing officer's report establishes that there was "some evidence" to support the decision to convict Pittman. Although Pittman claimed that he was trying to break up the fight, the hearing officer found that evidence and testimony established that Pittman and other inmates attacked Johnson.

First, Officer Boggs stated that he discovered Pittman with head injuries, and that Pittman admitted to an altercation with another inmate. ECF No. 7-1 at 4. When Officer Thaxton arrived on the scene, he also discovered Pittman with head injuries. *Id.*

Inmate Johnson, who suffered injuries to his cheek, lip, chest, back, and a broken neck, informed officers that Pittman was one of the assailants. ECF No. 7-1 at 5. Another inmate also stated that Pittman was one of three inmates that assaulted Johnson. *Id.*

The hearing officer summarized that video surveillance showed Pittman walking from Level 600 to Level 800, where the fight occurred, in an "aggressive manner." ECF No. 7-1 at 5. Three minutes later, staff responded to the altercation. *Id.*

Witness statements indicate that Pittman was involved in a physical altercation, even if it was attempting to stop a fight. *Id.* Pittman's own statement that he was attempting to break up the fight establishes that he was involved. The hearing officer noted that inmates are not allowed to engage in any physical contact with staff or other inmates, and the BOP does not "enlist or encourage inmates to participate in emergency response to any physical altercation. . . ." *Id.*

There is "some evidence" to support the disciplinary conviction of assault without serious injury.

### III. Conclusion

Because Pittman was not denied due process and there is some evidence of his guilt, the Petition (ECF No. 1) should be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, July 19, 2023.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE